# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| KENT EASLEY, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | 1:12-cv-121-JMS-TAB |
| SUPERINTENDENT, Plainfield Correctional Facility, | ) |  |
| Respondent. | ) |  |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Kent Easley for a writ of habeas corpus must be **denied** and the action **dismissed for lack of jurisdiction**. In addition, the court finds that a certificate of appealability should not issue.

### I.

#### A.

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). The petition of Kent Easley for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) fails this test and the action must therefore be dismissed.

#### B.

Easley has filed a prior habeas action in this court, docketed as No. 1:11-cv-280-SEB-TAB, challenging his Shelby County conviction for drug offenses. The prior habeas action was denied in an Order issued on July 29, 2011.

Easley has filed another petition for a writ of habeas corpus in which he asserts claims which were or which could have been presented in the first habeas action. The disposition in No. 1:11-cv-280-SEB-TAB was two-fold. First, insofar as Easley challenged the trial court's revocation of his probation in August 2008, the

action was dismissed without prejudice. Second, insofar as the convictions themselves were challenged, the action was dismissed with prejudice based on the determination that there was no basis to argue that the trial court lack jurisdiction over Easley, that he entered a valid guilty plea, and that he was not denied the opportunity for full and fair litigation of his claim in the state courts. That disposition as to Easley's convictions was "on the merits" for the purpose of triggering the requirements of 28 U.S.C. § 2244(b).

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

With the prior habeas petition having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be dismissed for lack of jurisdiction.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Easley has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 01/30/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana